Rolla A. BASS and Larry E. Foley, Appellants,

v.

UNITED STATES of America, Appellee.

No. 26207.

United States Court of Appeals Fifth Circuit.

March 25, 1969.

Rehearing Denied April 22, 1969.

James S. McGrath, Beaumont, Tex., G. W. Gill, Sr., George M. Leppert, New Orleans, La., for appellants.

Richard Brooks Harden, U. S. Atty., William Louis White, Asst. U. S. Atty., Beaumont, Tex., for appellee.

Before AINSWORTH and SIMPSON, Circuit Judges, and MITCHELL, District Judge.

**180**

PER CURIAM:

Appellants Bass and Foley were indicted and convicted of thirteen counts of mail fraud and one count of conspiring to violate the federal mail fraud statute. 18 U.S.C. § 1341. The record indicates that appellants, operating through the Miracle Marine Sales Company, obtained approximately $287,000 in credit from the Union Texas Petroleum Company for wholesale gasoline purchases by submitting a false financial statement through the mails, and by making a few prompt payments for the gasoline while defaulting on the majority of invoices. Appellants immediately sold this gasoline to an independent distributor at a loss, and the proceeds of sale were deposited in local banks—the funds being withdrawn as soon as the checks had cleared.

■ Appellants allege that there is insufficient evidence to sustain their convictions. In order to establish the element of fraud under the federal mail fraud statute, " * * * there must be a scheme to defraud, representations known by defendants to be false and some person or persons must have been defrauded." United States v. Rabinowitz, 6 Cir., 1964, 327 F.2d 62, 76. However, the existence of fraud or a fraudulent conspiracy often may be proved by circumstantial as well as direct evidence. Gusow v. United States, 10 Cir., 1965, 347 F.2d 755, 759–760. In the light of the applicable law, and considering appellants' method of operation, their history of prior, similar transactions, and their filing of a false financial statement, we conclude that there is "subtsantial evidence, taking the view most favorable to the Government, to support" the jury's verdict. Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942). The evidence of prior, similar transactions was admitted below, and we treat it here, for the limited purpose of establishing intent and motive. See, e. g., Gilstrap v. United States, 5 Cir., 1968, 389 F.2d 6, 9.

■ Appellants attack their convictions on the ground that the trial court erred in admitting deposition testimony given by them in a prior civil action. The record reveals that appellants were represented by competent counsel at their depositions, that they were aware of their Fifth Amendment rights against self-incrimination, and, indeed, that they asserted this privilege on numerous occasions throughout their depositions by declining to answer specific questions. However, as to those portions of the depositions admitted, no Fifth Amendment objections had been made. Thus, appellants' admissions were voluntary, and there was no error in admitting their statements into evidence. See United States v. Castellana, 2 Cir., 1965, 349 F.2d 264.

■ Finally, appellants assert that the trial court abused its discretion in limiting the scope of cross-examination of government witnesses McIver and Keir. See Samuels v. United States, 5 Cir., 1968, 398 F.2d 964, 970. In regard to the witness McIver, the court properly refused to permit counsel to propound a question based upon a hypothetical situation which was not supported by prior testimony. See, e. g., Skogen v. Dow Chemical Company, 8 Cir., 1967, 375 F.2d 692, 704. With regard to Keir, defense counsel questioned him about the total number of gallons of gasoline that appellants had purchased from Union Texas. The question was posed in the context of counsel's attempt to establish that appellants received a price war discount on their purchases. The trial court refused to allow the question because the precise figure was already in the record, and considering counsel's ample cross-examination of Keir on the price discount issue, we do not find an abuse of discretion. Furthermore, we are unable to perceive of any prejudice to appellants by virtue of their inability to pose this single question. Howard v. United States, 1967, 128 U.S.App.D.C. 336, 389 F.2d 287, 292.

We have considered appellants' other objections, particularly those relating to the jury charge and to the denial of a severance, and we conclude that they are without merit. It is axiomatic that the granting of a motion for severance is within the sound discretion of the trial judge, and we perceive no circumstances here which warrant a holding that error was committed by the denial of the motion. Tillman, et al. v. United States, 5 Cir., 1969, 406 F.2d 930.

Affirmed.