UNITED STATES of America,
Plaintiff-Appellee,

v.

Mortimer SCHAFFER,
Defendant-Appellant.

No. 78–5155.

United States Court of Appeals,
Fifth Circuit.

July 27, 1979.

Daniel S. Pearson, Miami, Fla., for defendant-appellant.

Marsha L. Lyons, Linda C. Hertz, Asst. U. S. Attys., Miami, Fla., for plaintiff-appellee.

Before BROWN, Chief Judge, CLARK and VANCE, Circuit Judges.

PER CURIAM:

The defendant-appellant Dr. Mortimer Schaffer was convicted on fifty-four counts of mail fraud and one count of conspiracy to commit mail fraud. 18 U.S.C.A. § 1341[1] and § 371.[2] The indictment alleged that

---

1. § 1341. Frauds and swindles

   Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, or to sell, dispose of, loan, exchange, alter, give away, distribute, supply, or furnish or procure for unlawful use any counterfeit or spurious coin, obligation, security, or other article, or anything represented to be or intimated or held out to be such counterfeit or spurious article, for the purpose of executing such scheme or artifice or attempting so to do, places in any post office or authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the Postal Service, or takes or receives therefrom, any such matter or thing, or knowingly causes to be delivered by mail according to the direction thereon, or at the place at which it is directed to be delivered by the person to whom it is addressed, any such matter or thing, shall be fined not more than $1,000 or imprisoned not more than five years, or both.

2. § 371. Conspiracy to commit offense or to defraud United States

   If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined not more than $10,000 or imprisoned not more than five years, or both. If, however, the offense, the commission of which is the object of the conspiracy, is a misdemeanor only, the punishment for such conspiracy shall not exceed the maximum punishment provided for such misdemeanor.

Dr. Schaffer conspired with several named Miami area attorneys to induce accident victims to institute claims against insurance carriers and to cause the carriers to pay claims and settlements to himself and others by submitting false and fraudulent medical bills. The Government's proof showed that Dr. Schaffer would routinely hospitalize accident victims referred to him by the named attorneys and others, whether the victims needed to be hospitalized or not, and further that he would submit medical bills charging for visits not made and services not rendered.

Dr. Schaffer does not contest the sufficiency of the evidence supporting his conviction, and advisedly so—the evidence was overwhelming. He contends rather that the District Court erred in (1) instructing the jury on Florida law and in effect directing the jury to find a fact in issue; (2) failing to give a complete *Apollo* instruction, see *United States v. Apollo*, 5 Cir., 1973, 476 F.2d 156,[3] on numerous occasions when co-conspirator hearsay was introduced, and failing to give any instruction at all on other such occasions; (3) admitting testimony concerning another crime or wrong where such testimony was not relevant to motive, opportunity, intent, preparation, plan, knowledge, identity, etc. and was highly prejudicial, see F.R.Evid. 404; *United States v. Beechum*, 5 Cir., en banc, 1978, 582 F.2d 898; (4) instructing the jury that a reasonable doubt "must be substantial rather than speculative," see *United States v. Rodriguez*, 5 Cir., 1978, 585 F.2d 1234, 1240–42, rehearing en banc granted; (5) instructing the jury that "a defendant may be convicted as a conspirator even though he may have played only a minor part in the conspiracy"; and (6) failing to instruct the jury that an element of mail fraud is that "some person or persons must have been defrauded."

The record shows that the defendant failed to object or otherwise preserve error as to all but the last of these six points of error. Since the defendant has not demonstrated that any of the other alleged errors was "so basic, so prejudicial" or so "obvious and substantial" as to constitute plain error, see *United States v. Johnson*, 5 Cir., 1978, 585 F.2d 119, 127, we need only consider defendant's sixth point: the failure to instruct that "some person or persons must have been defrauded" is an element of the offense.

Our recent mail fraud cases do not support the defendant. We summarized the elements of the offense in *United States v. Shryock*, 5 Cir., 1976, 537 F.2d 207: "The elements of mail fraud under § 1341 are [1] a scheme to defraud, and [2] causing a mailing for the purpose of executing the scheme." *See also United States v. Netterville*, 5 Cir., 1977, 553 F.2d 903, 909, *cert. denied*, 434 U.S. 1009, 98 S.Ct. 719, 54 L.Ed.2d 752; *United States v. Melvin*, 5 Cir., 1977, 544 F.2d 767, 773, *cert. denied*, 430 U.S. 910, 97 S.Ct. 1184, 51 L.Ed.2d 587; *United States v. Green*, 5 Cir., 1974, 494 F.2d 820, 823, *cert. denied*, 419 U.S. 1004, 95 S.Ct. 325, 42 L.Ed.2d 780. In order to constitute a "scheme to defraud," the scheme must be shown to be "reasonably calculated to deceive persons of ordinary prudence and comprehension." *Netterville, supra.* In order to satisfy the second element, the Government must show that the defendant "caused" the mails to be used and that the mailing was "sufficiently closely related to the scheme." *Shryock, supra. See United States v. Maze*, 1974, 414 U.S. 395, 399, 94 S.Ct. 645, 38 L.Ed.2d 603.

The defendant's argument for requiring the Government to show the success of the scheme as an additional element relies on two earlier Fifth Circuit cases: *United States v. Bruce*, 5 Cir., 1973, 488 F.2d 1224, 1230; *Bass v. United States*, 5 Cir., 1969, 409 F.2d 179, *cert. denied*, 396 U.S. 863, 90 S.Ct. 138, 24 L.Ed.2d 117. It is true that both of those cases include "some person or persons must have been defrauded" in their discussion of the elements of the offense.

**3.** *Apollo* was overruled by this Court en banc in *United States v. James*, 5 Cir., 1979, 590 F.2d 575, *cert. denied*, —— U.S. ——, 99 S.Ct. 2836, 61 L.Ed.2d 283 (1979). However, *James* explicitly stated that the rules announced there would be given prospective application only. This case went to trial before *James* and is governed by *Apollo*.

In neither case, however, was an issue made of whether the offense requires showing the success of the scheme, nor was the fact of the success of the scheme contested. The relied-upon language was therefore dicta. *Compare United States v. Green, supra,* where the defendants were convicted of mail fraud by making false and fraudulent representations in applications for credit cards from businesses they intended to defraud. That BankAmericard recognized the fraud and did not issue credit cards, the Court held, was irrelevant:

> The criminal activity for which appellants were convicted occurred when they used the mails to submit the applications in attempting to secure credit cards for use in their fraudulent scheme to obtain goods and services without intending to pay for them. There is, therefore, no legal significance in this case to the fact that no credit cards were issued to appellants after they submitted the applications treated in counts 1 and 5 of the indictment or to the fact that the card received on the basis of the application named in count 6 was not used.

494 F.2d at 822 n.4.

The statutory language, quoted at note 1, *supra,* does not support the defendant. Nor does his policy argument that without the proposed element, convictions could be predicated on mere innocuous misrepresentations—the definition of "scheme to defraud" requires that the scheme be "reasonably calculated to deceive persons of ordinary prudence and comprehension." In light of all this, we think that *Shryock, Netterville, Melvin,* and *Green* state the law of this Circuit, and that the success of the scheme is not a necessary element of the crime of mail fraud. The District Judge did not err in refusing to so instruct the jury.

The defendant's argument that the cumulative effect of the errors and "near errors" requires reversal is meritless.

AFFIRMED.