**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Terry DOWNS, Defendant–Appellant.**

No. 88–7458
**Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

April 19, 1989.

Danny L. Lowrey, Corinth, Miss., for defendant-appellant.

J.B. Sessions, III, U.S. Atty., William H. Steele, Asst. U.S. Atty., Mobile, Ala., for plaintiff-appellee.

Before HILL, HATCHETT and CLARK, Circuit Judges.

PER CURIAM:

The appellant, Terry Downs, pled guilty to the commission of mail fraud, in violation of 18 U.S.C. § 1341. On appeal, he challenges the sufficiency of the evidence supporting his conviction. Finding sufficient evidence, we affirm.

## I

The government and the appellant stipulated to the following facts: Terry Downs, a resident of Booneville, Mississippi, operated a business buying and selling used automobiles. Between 1985 and 1986, the appellant purchased approximately sixty used automobiles in Texas and resold them to McConnell Cadillac ("McConnell"), a dealership in Mobile, Alabama. In several of these automobiles, Terry Downs rolled back the odometers and falsified the vehicles' odometer statements. For example, in May, 1986, the appellant purchased a 1984 Ford automobile in Texas which had been driven 62,718 miles. He rolled back the odometer to indicate 38,464 miles, and then sold the automobile to McConnell for $6,300—a price reflecting the value of that car at 38,464 miles. The appellant asserts in the stipulation that he altered the odometers at the request of Charlie Harris, a McConnell employee. Harris asserts, however, that he made no such request.

In every transaction, McConnell paid for each automobile with a sight draft. The appellant transferred the sight draft, as well as the automobile's title, bill of sale, and odometer statement to his brother, Larry Downs, who had financed the purchase and resale of the used cars. Larry Downs paid the appellant the profit on each automobile sale and delivered the documents to his bank in Booneville, Mississippi. That bank credited Larry Downs' account and mailed the automobile documents with the draft through the United States postal system to McConnell's bank in Mobile. There, a McConnell representative inspected the automobile documents and approved payment of the sight drafts. McConnell then resold the vehicles in reliance upon the odometer statements. After several customers complained of unusual maintenance problems, McConnell discovered the alteration of the odometers and contacted the Federal Bureau of Investigation.

A grand jury sitting in the Southern District of Alabama charged the appellant with nine counts of mail fraud perpetrated

upon McConnell Cadillac, in violation of 18 U.S.C. § 1341. The appellant moved to dismiss the indictment because of insufficient evidence connecting him with the use of the mails. Thereafter, the parties submitted to the district court the stipulation of facts described above, requesting a determination as to whether the stipulated facts were sufficient for a mail fraud charge. The judge ruled that the fraudulent scheme involved the use of the United States mail system and denied appellant's motion to dismiss. Consequently, Terry Downs pled guilty, conditionally, to mail fraud alleged in Count 2 of the indictment, which involved the sale of the Ford automobile in May, 1986 for $6,300, reserving his right to appeal the denial of the motion to dismiss. On appeal, Downs argues that the facts and evidence to which he stipulated do not sustain his conviction. We disagree.

## II

The offense of mail fraud pursuant to 18 U.S.C. § 1341 consists of (1) an intentional participation in a scheme to defraud a person of money or property, and (2) the use of the mails in furtherance of the scheme. *United States v. Simon*, 839 F.2d 1461, 1465 (11th Cir.), *cert. denied,* — U.S. —, 108 S.Ct. 2883, 101 L.Ed.2d 917 (1988). The latter element is satisfied if the scheme's completion was dependent in some way upon information and documents passed through the mails, *United States v. Bottom*, 638 F.2d 781, 785 (5th Cir. Unit B 1981),[1] and if the defendant acted with knowledge that the use of the mails would follow in the ordinary course of business or could reasonably be foreseen. *Pereira v. United States*, 347 U.S. 1, 9, 74 S.Ct. 358, 363, 98 L.Ed. 435 (1954); *United States v. Georgalis*, 631 F.2d 1199, 1206 (5th Cir. Unit B 1980).

Here, the evidence supports a finding that the appellant rolled back the odometers in several automobiles—including the

one described in Count 2 of the indictment—in order to induce McConnell Cadillac to pay unlawfully inflated sales prices. Moreover, this scheme was dependent on documents which passed through the mails. McConnell did not authorize payment on a sight draft until receiving an automobile's title, bill of sale and odometer statement through the mail. Although the Mississippi bank, and not the appellant, actually mailed the documents, the appellant would reasonably be expected to foresee that these documents, critical to the consummation of the sale, would be mailed to McConnell in Mobile, Alabama. *See United States v. Shryock*, 537 F.2d 207, 209 (5th Cir.1976), *cert. denied*, 429 U.S. 1100, 97 S.Ct. 1123, 51 L.Ed.2d 549 (1977) (transfer of title by mail was a necessary step to a scheme involving the fraudulent alteration of odometers).[2] Therefore, the evidence supported the appellant's conviction, and the district judge correctly denied the appellant's motion to dismiss.

## III

The judgment of the district court is AFFIRMED.

---

1. This Circuit has adopted as precedent all decisions of Unit B of the former Fifth Circuit. *Stein v. Reynolds Securities, Inc.,* 667 F.2d 33, 34 (11th Cir.1982).

2. The Eleventh Circuit, in the en banc decision *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.