**FLORIDA SOFTWARE SYSTEMS, INC., A Florida corporation, Plaintiff/Counter-defendant,**

v.

**COLUMBIA/HCA HEALTHCARE CORPORATION, A Delaware corporation, Defendant/Counter–plaintiff/Third–Party Plaintiff,**

v.

**Receivable Dynamics Inc., A Florida corporation, Nevada Communications Corporation, A Delaware corporation, and Norman R. Dobiesz, Maureen Donovan Dobiesz, Stuart M. Lopata and Samuel A. Greco, as individuals, Third–Party Defendants.**

No. 97–2866–Civ–T–17B.

United States District Court, M.D. Florida, Tampa Division.

April 19, 1999.

Marion Hale, Johnson, Blakely, Pope, Bokor, Ruppel & Burns, P.A., Clearwater, FL, Wayne L. Thomas, Law Office of Wayne L. Thomas, Tampa, FL, John N. Blair, David L. Roach, Blair & Roach, Tonawanda, NY, for Florida Software Systems, Inc., a Florida Corporation, plaintiff.

George D. Conwell, Jr., Edward Martin Waller, Jr., Guillermo Amable Pernas, Jr., Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, FL, Kevin Murphy, Jennifer P. Kotler, Latham & Watkins, P.A., Chicago, IL, Michael Chertoff, Matthew T. Martens, Latham & Watkins, Newark, NJ, for Columbia Regional Medical Center Southwest Florida, a Delaware Corporation, defendant.

Marion Hale, Johnson, Blakely, Pope, Bokor, Ruppel & Burns, P.A., Clearwater, FL, John N. Blair, Blair & Roach, Tonawanda, NY, for Receivable Dynamics, Inc., a Florida corporation, Nevada Communications Corp., a Delaware corporation, Norman R. Dobiesz, Maureen Donovan Dobiesz, Stuart M. Lopata, Samuel A. Greco, third-party defendants.

Gary Roy Trombley, D. Michelle Peden, Trombley & Associates, P.A., Tampa, FL,

**1280**

for Samuel A. Greco, third-party, defendant.

### ORDER ON PLAINTIFF/COUNTERDE-FENDANT'S AND THIRD–PARTY DEFENDANTS' MOTION TO DISMISS THE COUNTERCLAIM AND THIRD–PARTY COMPLAINT

KOVACHEVICH, District Judge.

This cause comes before the Court on Plaintiff/Counter–Defendant's and Third–Party Defendants' motions to dismiss the Counterclaim and Third–Party Complaint filed on December 15, 1998 (Dkt.58–59).

### STANDARD OF REVIEW

Under *Conley v. Gibson,* a district court should not dismiss a complaint "for failure to state a claim unless it appears beyond doubt that plaintiff can prove no set of facts" that would entitle the plaintiff to relief. 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). At a minimum, the Federal Rules of Civil Procedure require a "short and plain statement of the claim" that will "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *See id.* at 47, 78 S.Ct. 99 (*quoting* Fed.R.Civ.P. 8(a)(2)).

In deciding a motion to dismiss, a court can examine only the four corners of the complaint. *Rickman v. Precisionaire, Inc.,* 902 F.Supp. 232 (M.D.Fla.1995). Furthermore, when ruling on a motion to dismiss, a trial court is required to view the complaint in the light most favorable to the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). However, when, on the basis of a dispositive issue of law, no construction of the factual allegations of a complaint will support the cause of action, dismissal of the complaint is appropriate. *Executive 100, Inc. v. Martin County,* 922 F.2d 1536 (11th Cir.1991), *cert. denied,* 502 U.S. 810, 112 S.Ct. 55, 116 L.Ed.2d 32 (1991); *Powell v. United States,* 945 F.2d 374 (11th Cir. 1991).

### FACTS

Columbia / HCA Healthcare Corporation (Columbia), entered into several agreements with Florida Software Systems, Inc. (FSS), whereby FSS was granted the exclusive right to provide medical claims management services for all facilities owned, controlled or managed by Columbia in the State of Florida.

Additionally, Greco, an officer of Columbia, entered into contracts with Receivable Dynamics, Inc. (RDI) and Nevada Communications Corporation (Nevada) on behalf of Columbia. Pursuant to its agreement with Columbia, RDI was to provide electronic claims transmission and claims management services for certain hospitals operated by Columbia in Florida. Pursuant to its agreement with Columbia, Nevada was to "exclusively manage and provide Telecommunications Services, including administrative phones, patient room phones, and pay telephones located at all Columbia locations for a term of ten years."

FSS initiated this litigation by suing Columbia for fraud, implied contract, and breach of contract. Thereafter, Columbia filed a Counterclaim against FSS and a Third–Party Complaint against RDI, Nevada, Mr. Dobiesz and his wife, Maureen Donovan Dobiesz, Mr. Lopata, and former Columbia executive, Samuel A. Greco. Columbia alleged that Mr. and Mrs. Dobiesz, Lopata, and Greco incorporated, acquired, or otherwise controlled numerous corporations, namely FSS, RDI, and Nevada, with the purpose of defrauding Columbia.

On January 13, 1999, Columbia filed a corrected Counterclaim and Third–Party Complaint (the amended complaint). The amended complaint contains the following counts:

(I) Racketeering Violation pursuant to 18 U.S.C. § 1962(c);

(II) Racketeering Conspiracy pursuant to 18 U.S.C. § 1962(d);

(III) Pattern of Criminal Activity pursuant to Florida Statutes Title 45, § 772.103(3);

(IV) Conspiracy pursuant to Florida Statutes Title 45, § 772.103(4);

(V) Breach of Fiduciary Duty by Greco;

(VI) Conspiracy and concerted action to aid and abet Greco's breach of fiduciary duty;

(VII) Recission of Contracts between Columbia and the Defendants;

(VIII) Accounting

(IX) Breach of Contract

(X) Fraud in the Inducement; and

(XI) Violation of Florida Statute Annotated § 501.210.

The Plaintiff/Counterdefendant, Florida Software Systems, Inc. and the Third–Party Defendants, Receivable Dynamics, Inc., Nevada Communications Corporation, Norman R. Dobiesz, Maureen Donovan Dobiesz, and Stuart M. Lopata (Counter/Third–Party Defendants) seek to dismiss counts I–IV and VI–XI. Third–Party Defendant Samuel A. Greco filed a separate motion seeking to dismiss each count filed against him which includes counts I–V.

### DISCUSSION

**I. Motion to Dismiss Claims Against Third–Parties:**

■■ The Third–Party Defendants seek to dismiss the Third–Party Complaint as improper under Rule 14(a) of the Federal Rules of Civil Procedure. However, Rule 13(h) provides that "persons other than those made parties to the original action may be made parties to a counterclaim or cross-claim in accordance with the provisions of Rules 19 and 20." Fed.R.Civ.P. 13(h). Furthermore, Rule 20 permits joinder of parties as defendants when "there is asserted against them ... any right to relief of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Fed.R.Civ.P. 20(a).

Although the Counter/Third–Party Plaintiff's pleading may not be styled as a third-party complaint, the parties were properly joined as "additional parties to the counterclaim pursuant to Rule 13(h)." Furthermore, the Counter/Third–Party Plaintiff has clearly satisfied the requirements for permissive joinder under Rule 20. Therefore, since Columbia has satisfied the requirements for joinder of parties under both Rule 13(h) and Rule 20(a), the motion to dismiss, (Docket No. 58) under Rule 14(a) should be denied.

### Count I:Racketeering Violation pursuant to 18 U.S.C. § 1962(c)

Counter/Third–Party Defendants and Third–Party Defendant Greco (Greco) allege that Columbia has: (1) failed to allege the pre-requisite elements for mail fraud; (2) failed to allege fraud with specificity; (3) failed to allege that the predicate acts were related, and (4) failed to allege that the predicate acts threaten the likelihood of continued criminal activity.

**1. Failure to allege the pre-requisite elements of mail fraud.**

Counter/Third–Party Defendants claim that Columbia's mail fraud allegations are defective because named items were sent via private carriers, such as Federal Express and U.P.S., instead of U.S. Mail. This argument is baseless as the relevant statute, as amended in 1994, now includes mail delivered "by the Postal Service, or ... any private or commercial interstate carrier." 18 U.S.C.A § 1341 (Supp.1998). Therefore, Columbia has adequately pled facts which implicate both the mail and wires.

Greco claims that Columbia failed to plead the most basic requirement of mail fraud in five of the eight allegations of mail and wire fraud against Greco; that the misrepresentations were placed for delivery by either the United States Postal Service and/or private and commercial in-

terstate carrier. However, the Corrected Counterclaim and Third Party Complaint corrects this deficiency.

### 2. Failure to allege fraud with specificity

■ This Court has previously held that pleading a predicate act with specificity requires the complaint to answer the familiar questions of "who, when, where, how, and why." *Delfrate v. Letts*, 1996 WL 420880, at *5 (M.D.Fla.1996) (Kovachevich, C.J.). In each allegation of mail fraud, the amended complaint adequately identifies the nature of the mailing at issue, the party by whom it was sent, the party by whom it was received, and the means by which it was sent.

■ Counter/Third–Party Defendants claim that Columbia has failed to allege how the "mail and wire fraud were in furtherance of a scheme." (Motion at 8) However, the Supreme Court has held that "the use of the mails need not be an essential element of the scheme. It is sufficient for the mailing to be incident to an essential part of the scheme or a step in [the] plot." *Schmuck v. United States*, 489 U.S. 705, 710–11, 109 S.Ct. 1443, 103 L.Ed.2d 734 (1989). The use of the mail is in furtherance of a scheme if the scheme's completion is dependant on information and documents which passed through the mails. *United States v. Downs*, 870 F.2d 613, 615 (11th Cir.1989). In this case, the scheme, as alleged by Columbia, was largely dependant upon mailings and wires involving contracts, invoices, and checks.

■ Counter/Third–Party Defendants and Greco further claim that Columbia did not allege that any of the defendants had the requisite intent to defraud. While a showing of fraudulent intent is necessary to establish mail or wire fraud, a RICO plaintiff "need not produce direct proof evidence of scienter." *United States v. Suba*, 132 F.3d 662, 673 (11th Cir.1998); *Pelletier v. Zweifel*, 921 F.2d 1465, 1499 (11th Cir.1991), *cert. denied*, 502 U.S. 855,

112 S.Ct. 167, 116 L.Ed.2d 131 (1991). As argued by Columbia, fraudulent intent may be inferred from "the relationship among the parties to the transaction and the secrecy of the [transaction], or from inadequacy of consideration and hasty, unusual transactions." *In re Grand Jury Subpoena Duces Tecum*, 731 F.2d 1032, 1041 (2nd Cir.1984) (citations omitted).

In the case at bar, the most demonstrative evidence of alleged fraudulent intent is the Counter/Third-party Defendants' formation of multiple shell corporations controlled by Dobiez, Donovan, and Lopata. Furthermore, fraudulent intent may also be inferred from the alleged fact that the Counter/Third–Party Defendants entered into multi-million dollar contracts with Columbia and Greco without having the relevant experience or resources to fulfill those contracts; which fact must be presumed to be true for purposes of this motion.

Greco cites *Brooks v. Blue Cross and Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1380–81 (11th Cir.1997), claiming that all of the allegations fail to contend: (1) who made the alleged misrepresentation; (2) the content of the alleged misrepresentation; (3) the content and manner in which these statements misled the Plaintiffs; and (4) what the defendants gained by the alleged fraud. However, Greco relies on statements which are inaccurately cited as originating from *Brooks*. In fact, the principles that Greco supposedly draws from *Brooks* actually come from an unpublished district court opinion attached to *Brooks* as an appendix.

■ Although Greco claims that an allegation of mail fraud must include the precise misleading statements made in the mailing at issue, it is well established that even entirely truthful and innocent mailings can constitute mail fraud so long as they are in furtherance of a scheme to defraud. *Schmuck*, 489 U.S. at 715, 109 S.Ct. 1443; *Demerath Land Co. v. Sparr*, 48 F.3d 353, 355 (8th Cir.1995) ("It is not necessary that the mailings themselves be

misleading or constitute the actual fraud, they must merely be in furtherance of the plan or scheme to defraud.") Therefore, if the mailings need not contain any misleading statements, the failure to identify any misleading statements cannot amount to a defect in a mail fraud allegation.

■ Greco also cites *Brooks* for the proposition that a mail fraud allegation is fatally flawed if it does not identify what the defendants gained by the alleged fraud. Again, Greco misreads the district court's opinion in *Brooks*. Although *Brooks* does hold that the plaintiffs must identify the role of each defendant, it does not state that a plaintiff must allege what each defendant gained from the scheme, but what the defendants gained collectively from the scheme. The courts have repeatedly recognized that "[p]roof that the defendant obtained gain from his scheme is not essential for conviction under the mail fraud statute." *United States v. Gaskill*, 491 F.2d 981, 984 n. 5 (8th Cir.1974). Columbia has adequately identified both the roles of the Counter/Third–Party Defendants and Greco and how they benefitted from the scheme.

### 3. Failure to allege that the predicate acts were related

To determine the relatedness of alleged predicate acts, courts look to such factors as whether they " 'have the same or similar purposes, results, participants, victims, or methods of commission, or otherwise are interrelated by distinguishing characteristics and are not isolated events.' " *H.J., Inc. v. Northwestern Bell Telephone*, 492 U.S. 229, 240, 109 S.Ct. 2893, 106 L.Ed.2d 195 (1989) (quoting 18 U.S.C. § 3575(e)). The predicate acts alleged by Columbia are all clearly related to a common purpose, which was to defraud Columbia.

### 4. Failure to allege that the predicate acts threaten the likelihood of continued criminal activity

■ Counter/Third–Party Defendants and Greco allege that Columbia failed to allege any predicate acts which threaten the likelihood of continued criminal activity. However, Columbia makes the distinction between open-ended continuity and closed-end continuity, either of which will suffice for purposes of Racketeer Influenced and Corrupt Organizations (RICO). 492 U.S. at 241, 109 S.Ct. 2893. To establish closed-ended continuity, a RICO plaintiff must allege a "series of related predicates extending over a substantial period of time." *Id.* at 242, 109 S.Ct. 2893. Columbia has established closed-ended continuity by alleging a closed period of repeated criminal activity.

Thus, Count I should not be dismissed against the Counter/Third–Party Defendants or Greco for the reasons mentioned above.

### Count II: Racketeering Conspiracy pursuant to 18 U.S.C. § 1962(d)

■ To state a cause of action for a civil conspiracy, a litigant must allege: (1) an agreement between two or more parties to achieve an illegal objective, (2) an overt act in furtherance of that illegal objective, and (3) resulting injury. *Bivens Gardens Office Building, Inc. v. Barnett Banks of Florida, Inc.*, 140 F.3d 898 (11th Cir.1998).

■ However, in *Salinas v. United States*, 522 U.S. 52, 118 S.Ct. 469, 476, 139 L.Ed.2d 352 (1997), the Supreme Court held that the RICO conspiracy provision has "no requirement of some overt act . . . , unlike the general conspiracy provision, which requires that at least one of the conspirators have committed an act to effect the object of the conspiracy."

The amended complaint alleges facts sufficient to demonstrate, if proven, that each of the Counter/Third–Party Defendants and Greco agreed to further the fraudulent scheme as well as the resulting injuries.

■ The Counter/Third–Party Defendants further allege that the RICO con-

spiracy claim (Count II) is entirely dependant on the substantive RICO claim (Count I). This proposition is incorrect. *Salinas*, 118 S.Ct. at 478(upholding a RICO conspiracy conviction despite defendant's acquittal on the substantive RICO charge); *Rehkop v. Berwick Healthcare Corp.*, 95 F.3d 285, 287 (3rd Cir.1996) (holding that plaintiff had standing to bring a RICO conspiracy claim despite his inability to bring a substantive RICO claim).

A plaintiff asserting a violation of § 1962(d) must allege "that the conspirators agreed to participate directly or indirectly in the affairs of an enterprise through a pattern of racketeering activity." *United States v. Castro*, 89 F.3d 1443, 1451 (11th Cir.1996). A "pattern of racketeering activity" is defined at 18 U.S.C. § 1961(5) as "[r]equiring at least two acts of racketeering activity, one of which occurred after the effective date of this chapter and the last of which occurred within ten years (excluding any period of imprisonment) after the commission of a prior act of racketeering activity."

■■■ The Eleventh Circuit Court of Appeals has held that proof of an agreement to participate in a RICO conspiracy can be established by either: (1) "showing an agreement of an overall objective or (2) in the absence of an agreement on an overall objective, by showing that a defendant agreed personally to commit two predicate acts." *United States v. Church*, 955 F.2d 688, 694 (11th Cir.1992), *cert. denied*, 506 U.S. 881, 113 S.Ct. 233, 121 L.Ed.2d 169 (1992).

■■■ Greco contends that the amended complaint fails to allege facts from which one could infer an agreement by Greco. Evidence of a defendant's agreement to commit two or more predicate acts is evidence that the defendant committed several acts of racketeering activity in furtherance of a scheme to defraud. *United States v. Sutherland*, 656 F.2d 1181, 1189 (5th Cir.1981). (" 'Where, as here, the evidence establishes that each defendant, over a period over years, committed several acts of racketeering activity in furtherance of the enterprise's affairs, the inference of an agreement to do so is unmistakable.' ") (*quoting United States v. Elliott*, 571 F.2d 880, 903 (5th Cir.), *cert. denied*, 439 U.S. 953, 99 S.Ct. 349, 58 L.Ed.2d 344 (1978)).

In the case at bar, the amended complaint, sets forth facts, that, if proven, demonstrate that Greco agreed to the overall objective (namely to defraud Columbia) and that he agreed to commit at least two predicate acts. The amended complaint sets forth seven detailed instances of mail and wire fraud in which Greco allegedly participated. These facts are sufficient to support an inference that Greco agreed to participate in the RICO conspiracy.

For the reasons set forth above, the motions to dismiss Count II (Dkt.58–59) should be denied.

### Count III: Pattern of Criminal Activity pursuant to Florida Statutes Title 45, § 772.103(3)

### Count IV: Conspiracy pursuant to Florida Statutes Title 45, § 772.103(4)

■■■ The Florida RICO statute is patterned after the Federal RICO statute, and the Florida courts often look to the Federal RICO decisions for guidance in interpreting and applying the act. *Ruth v. State Department of Legal Affairs*, 661 So.2d 901, 904 (Fla. 2nd Dist.Ct.App.1995). Accordingly, the Counter/Third–Party Defendants' motions to dismiss Counts III and IV (Dkt.58–59) should be denied for the aforementioned reasons regarding the Federal RICO claims.

### Count V: Breach of Fiduciary Duty by Greco

■■■ The amended complaint alleges that Greco breached both his duty of care and duty of loyalty to Columbia through his involvement in the scheme to defraud

Columbia. A breach of duty of care is not required to be plead with specificity under Rule 9(b) of the Federal Rules of Civil Procedure. *AmeriFirst Bank v. Bomar*, 757 F.Supp. 1365 (S.D.Fla.1991). Thus, as to the breach of fiduciary duty based upon duty of care, Columbia has met the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.

■ Greco seeks to dismiss this claim because "none of the allegations in the Counterclaim based on 'information and belief' are accompanied by a statement of facts upon which the belief is founded." (See Motion at 23). However, the amended complaint alleges that Greco used his position as an officer of Columbia to enter into one-sided and unreasonable contracts for the benefit of the enterprise while impeding Columbia's ability to terminate such contracts. These allegations, if established, may support Columbia's assertion that Greco participated in a scheme to defraud Columbia, thereby breaching his duty of loyalty to Columbia. Therefore, Greco's motion to dismiss Count V (Dkt.59) should be denied.

## Count VI: Conspiracy and concerted action to aid and abet Greco's breach of fiduciary duty

■ The Counter/Third–Party Defendants argue that Columbia failed to allege a single overt act taken by each of the defendants in furtherance of the alleged conspiracy to aid and abet a breach of fiduciary duty. However, throughout the amended complaint, Columbia alleges that members of the enterprise conspired to exploit Greco's fiduciary obligations to Columbia. Each overt act taken by members of the enterprise in furtherance of the RICO conspiracy was necessarily an overt act taken in furtherance of a conspiracy to aid and abet a breach of Greco's fiduciary duty to Columbia. Thus, the Counter/Third–Party Defendant's motion to dismiss Count VI (Dkt.58) should be rejected.

## Count VII: Rescission

■ The Counter/Third–Party Defendants claim that Columbia has failed to allege all of the necessary elements for rescission. The elements identified by the Counter/Third–Party Defendants are the elements that must be plead for a rescission at law. However, Columbia is not seeking rescission at law, but rescission in equity. "When a party seeks to rescind a contract by his own act, he must give the other party notice; but when he seeks the aid of the court for that purpose, the bringing of the action is sufficient disaffirmance for the purpose of that action." *Haumont v. Security State Bank*, 220 Neb. 809, 374 N.W.2d 2, 6 (1985) (*quoting Geise v. Yarter*, 112 Neb. 44, 198 N.W. 359, 363 (1924)). Thus, Count VII seeks to have the Court decree a rescission and should not be dismissed.

## Count VIII: Accounting

■ Under Florida law, a party seeking an equitable accounting must show the existence of a fiduciary relationship or a complex transaction and must demonstrate that the remedy at law is inadequate. *Kee v. National Reserve Life Insurance Co.*, 918 F.2d 1538, 1540 (11th Cir.1990). Columbia alleges that Greco and FSS were involved in a scheme to secure the execution of a number of fraudulent contracts, one of which was the Joint Venture Agreement. Florida law recognizes fiduciary relationships arising out of joint ventures. *Granik v. Perry*, 418 F.2d 832 (5th Cir.1969). While FSS purported to terminate the Joint Venture Agreement, there has never been an accounting or distribution of assets. Furthermore, a "joint venturer may not acquire property for himself to the exclusion of his co-venturer, and if he acquires it, he holds it as constructive trustee with a duty to account to his associates." *Granik*, 418 F.2d at 836 (5th Cir.1969).

■ However, when a judgment for breach of contract is obtainable, the remedy at law is considered adequate, thus

precluding the need for the imposition of an equitable remedy such as an accounting. *Kee*, 918 F.2d 1538 at 1541, *citing Mary Dee's, Inc. v. Tartamella*, 492 So.2d 815, 816 (Fla. 4th Dist.Ct.App.1986). Columbia has failed to allege that there is no adequate remedy at law which is required to withstand a motion to dismiss. Thus, the Counter/Third–Party Defendants motion to dismiss Count XIII (Dkt.59) should be granted.

### Count IX: Breach of Contract

■ The Counterdefendant seeks to dismiss Count IX arguing that Columbia "failed to allege that FSS violated specific contractual obligations." However, Columbia specifically alleges that FSS violated section 2 of the Agreement, which is attached as exhibit F to the amended complaint. Columbia also alleges that "FSS owed a duty to Columbia to perform services in a good and workmanlike manner and within a reasonable time" and that FSS breached that duty. Although such a provision is not explicit in the Agreement, Florida courts have held that there is an implicit obligation in such contracts to perform services in a good and workmanlike manner. *Lochrane Engineering, Inc. v. Willingham Realgrowth Investment Fund, Ltd.*, 552 So.2d 228, 232 (Fla. 5th Dist.Ct.App.1989). Thus, the motion to dismiss Count XI (Dkt.58) should be denied.

### Count X: Fraudulent Inducement

■ The elements for fraudulent inducement are: (1) false statement regarding a material fact; (2) knowledge by the person making the statement that the representation is false; (3) intent by the person making the statement to induce action; and (4) reliance on the representation to the injury of the other. *Mettler, Inc. v. Ellen Tracy, Inc.*, 648 So.2d 253 (Fla.2d.Dist.Ct.App.1994). When these principles are applied to cases involving false promises, "Florida law treats a promissor's intent as a material existing fact." *Bissett v. Ply–Gem Industries, Inc.*, 533

F.2d 142, 145 (5th Cir.1976). Accordingly, a promise is actionable as fraud only when the promissor had a positive intent not to perform his promise, or made the promise without a present intent to perform it. *Id.; Perry v. Cosgrove*, 464 So.2d 664, 666–67 (Fla.2d Dist.Ct.App.1985) (complaint alleging a promise without any intention to perform set forth sufficient facts to state a cause of action for fraud).

■ Columbia alleges that: (1) FSS breached its promise to "perform the Services using good business policies, practices, procedures, and internal controls" as set forth in Section 2 of the Agreement dated October 19, 1995; (2) FSS had neither the intent or the ability to perform the promises made in the Agreement; (3) FSS knew the promises were false; (4) the false promises were made with the intent to induce Columbia to enter into the Agreement; and (5) Columbia relied on the false promises and were damaged as a result. Thus, Columbia has plead the elements of fraudulent inducement with the requisite specificity. Accordingly, the motion to dismiss Count X (Dkt.58) must be denied.

### Count XI: Violation of Florida Statute Annotated § 501.210

■ FSS and RDI argue that Columbia has not alleged with the requisite specificity that either FSS or RDI used "means of deception." The Florida Deceptive and Unfair Trade Practices Act provides that "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive practices in the conduct of any trade or commerce are hereby declared unlawful." Fla.Stat.Ann. § 501.201 *et seq.* This court is satisfied that Columbia has alleged the specific acts of unfairness and deception by FSS and RDI with the requisite specificity to withstand a motion to dismiss. Thus, the motion to dismiss Count XI (Dkt.58) is denied. Accordingly, it is

**ORDERED** that the motions to dismiss Counts I–VII and Counts IX–XI (Dkt.58–

59) are denied, whereas the motion to dismiss Count VIII (Dkt.58) is granted.

**DONE AND ORDERED.**