SECURITIES AND EXCHANGE COMMISSION, Plaintiff,

v.

DIGITAL LIGHTWAVE, INC., and Bryan J. Zwan, Defendants.

No. 8:00–CV–614–T–26F.

United States District Court,
M.D. Florida,
Tampa Division.

Sept. 7, 2000.

Mitchell E. Herr, Chedley C. Dumornay, Eric R. Busto, John R. Teakell, Securities & Exchange Commission, Miami, FL, for plaintiff.

Burton Webb Wiand, Maya M. Wolfe, Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, FL, W. Reece Bader, Virginia Mattos, Robert Freitas, Orrick, Herrington & Sutcliffe, LLP, Menlo Park, CA, for Bryan J. Zwan.

### ORDER

LAZZARA, District Judge.

This cause comes before the Court on Defendant Zwan's' Motion to Dismiss, or in the Alternative, Motion for More Definite Statement and supporting memorandum of law (Dkts. 12 & 13) and Plaintiff's Memorandum in Opposition (Dkt. 19).

### Plaintiff's Allegations & Claims for Relief

Plaintiff alleges that Defendant Bryan Zwan ("Zwan") engaged in an earnings management scheme which caused his company, Defendant Digital Lightwave, Inc. ("Digital"), to overstate revenues from nine transactions in two calendar quarters, file two false and misleading Forms 10–Q with Plaintiff Securities and Exchange Commission ("SEC"), and issue false press releases which materially overstated Digital's revenue and earnings. Plaintiff also alleges that while the false earnings information was in the marketplace, Zwan pledged shares of Digital stock to secure an increased personal line of credit

from NationsBank. The Complaint is based upon five counts: (1) fraud: violations of Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b–5; (2) fraudulent pledge of stock: violations of Section 17(a)(1) of the Securities Act of 1933; (3) fraudulent pledge of stock: violations of Section 17(a)(2) and 17(a)(3) of the Securities Act of 1933; (4) record keeping: violations of Sections 13(b)(2) of the Securities Exchange Act of 1934; and (5) financial reporting: violations of Section 13(a) of the Securities Exchange Act of 1934 and Rules 13a–13 and 12b–20.

### *Defendants' Rule 12 Motions*

Defendant Zwan seeks dismissal of Counts I, II, and III of the Complaint, and in the alternative, as to Count III, he seeks a more definite statement. Zwan argues that the SEC fails to state a claim upon which relief can be granted for its claims of fraud and fraudulent pledge of stock. He also asserts that the SEC fails to plead fraud and fraudulent pledge of stock with particularity, as required by Rule 9(b), Federal Rules of Civil Procedure. Further, Zwan contends that the SEC's claim for injunctive relief should be dismissed for failure to allege a reasonable likelihood that Zwan will engage in any future securities law violations.

In determining whether to grant a motion to dismiss filed pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, the Court considers the allegations in the complaint. The Court will not consider matters extrinsic to the Complaint. For purposes of a motion to dismiss, the Complaint is construed in the light most favorable to Plaintiff and its allegations are taken as true. 5 C. Wright and A. Miller, *Federal Practice and Procedure* § 1357 (1969). A motion to dismiss will be denied unless it appears beyond all doubt that Plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *Luckey v. Harris,* 860 F.2d 1012, 1016 (11th Cir.1988), *reh'g denied en banc,* 896 F.2d 479 (11th Cir.1989), *and cert. denied,* 495 U.S. 957, 110 S.Ct. 2562, 109 L.Ed.2d 744 (1990).

■ A defendant may seek a more definite statement, pursuant to Rule 12(e), Federal Rules of Civil Procedure. The basis for granting a motion for more definite statement is unintelligibility, not lack of detail; as long as the defendant is able to respond, even if only with simple denial, in good faith, without prejudice, the complaint is deemed sufficient. *Sun Co., Inc. v. Badger Design & Constructors, Inc.,* 939 F.Supp. 365 (E.D.Pa. 1996).

### *Discussion*

#### *Rule 9(b) Pleading Requirements*

Zwan contends that the SEC did not plead fraud with the requisite particularity required by Rule 9(b), Federal Rules of Civil Procedure. Rule 9(b) requires allegations involving fraud to be pled with specificity and particularity. Pleading with particularity "requires a complaint to answer the familiar questions of 'who, where, when, why, and how.'" *Florida Software Systems, Inc. v. Columbia/HCA Healthcare Corp.,* 46 F.Supp.2d 1276, 1282 (M.D.Fla.1999). *See also Brooks v. Blue Cross and Blue Shield of Florida, Inc.,* 116 F.3d 1364, 1380–81 (11th Cir.1997).

> However, when considering the question of whether or not a pleading of fraud is alleged with adequate particularity in a securities law context, this Court must not read Rule 9(b) of the Federal Rules of Civil Procedure to abrogate the notice pleading requirements of Rule of the Federal Rules of Civil Procedure. *Friedlander v. Nims,* 755 F.2d 810 (11th Cir.1985). Therefore, the Court, in considering a motion to dismiss for failure to plead fraud with particularity, must be careful to harmonize the directives of Fed.R.Civ.P.Rule 9(b) with the broader policy of notice pleading.

*SEC v. Physicians Guardian,* 72 F.Supp.2d 1342, 1352 (M.D.Fla.1999).

■ In the first 15 pages of the Complaint, the SEC sets forth on a transaction-by-transaction basis how Zwan allegedly caused Digital to fraudulently overstate its revenues. In its allegations, the SEC identifies the companies to which Digital falsely claimed to have sold its product, the number of units and dollar amounts that were improperly recognized as revenues, the dates of the bogus sales, the reasons why Digital was

not entitled to recognize revenue, and Zwan's knowledge of, and responsibility for, Digital's fraudulent revenue recognition. Likewise, the SEC sufficiently pleads its claim for fraudulent pledge of stock. The SEC alleges the date of the pledge, the party to whom Zwan pledged the Digital stock, the number of shares pledged, the line of credit that the pledge secured, and the amount of money that Zwan borrowed. (*See* Dkt. 1, ¶ 55.) In *Physicians Guardian*, the court noted that:

> [T]he purpose of Fed.R.Civ.P. 9(b) is to ensure that allegations are specific enough to provide defendants sufficient notice of the acts complained of and to enable them to prepare an effective response and defense, to eliminate those complaints filed as a pretext for the discovery of unknown wrongs, and to protect defendants from unfounded charges of wrongdoing that injure their reputations and goodwill.

*See id.* In light of the foregoing, the Court finds that the SEC provides enough detail to give notice to Zwan to enable him to prepare an adverse pleading and thereby, sufficiently pleads its fraud counts.

### Pleading Requirements Under the Antifraud Statutes

Defendant Zwan argues that the Complaint fails to state a claim for violations of Section 10(b) of the 1934 Securities and Exchange Act, Rule 10b–5 thereunder, and Sections 17(a)(1), (2), and (3), of the 1933 Securities Act. Zwan urges, citing *SEC v. First Jersey Secs., Inc.,* 890 F.Supp. 1185 (S.D.N.Y.1995), that to state a claim for a violation of 10(b) and Rule 10b–5, the SEC must allege the following elements: (1) a misrepresentation or an omission where there is a duty to speak; (2) of a material fact; (3) made with scienter, amounting at least to recklessness, (4) in connection with the purchase or sale of a security. 890 F.Supp. at 1209. Zwan also asserts that the elements necessary to set forth a claim of for 17(a) violations are the same as those for 10(b), with the exception that 17(a)(2) and (3) do not require a showing of scienter, citing *Aaron v. SEC,* 446 U.S. 680, 100 S.Ct. 1945, 64 L.Ed.2d 611 (1980). Zwan contends that the SEC fails to allege any of the requisite

elements in any of its antifraud claims. The Court disagrees.

The SEC alleges that Zwan, President, Chief Executive Officer, and Chairman of the Board of Digital Lightwave, Inc., fraudulently manipulated the value of Digital's stock by misstating its earnings in both SEC filings and press releases and then pledged shares of Digital stock as security for a line of credit from NationsBank. With respect to the element of scienter, the Eleventh Circuit Court of Appeals has established that actual knowledge of the falsity of misrepresentations is not required—scienter may be established by a showing of severe recklessness. *SEC v. Carriba Air, Inc.,* 681 F.2d 1318, 1324 (11th Cir.1982). The SEC sufficiently pleads scienter inasmuch as the SEC alleges that Zwan acted with actual knowledge that he was fraudulently recording revenue. (*See* Dkt. 1, ¶¶ 26–29 & 46–50.)

The "in connection with" requirement is met if the fraud alleged "somehow touches upon" or has "some nexus" with "any securities transaction." *SEC v. Rana Research, Inc.,* 8 F.3d at 1358, 1362 (9th Cir.1993) (citing *SEC v. Clark,* 915 F.2d 439, 449 (9th Cir.1990)). Where the fraud alleged involves public dissemination in a document such as a press release, annual report, investment prospectus or other such document on which an investor would presumably rely, the "in connection with" requirement is generally met by proof of the means of dissemination and the materiality of the misrepresentation or omission. *See id.* (citing *In re Ames Dep't Stores Inc. Stock Litig.,* 991 F.2d 953, 963, 965 (2d Cir.1993)).

Here, the SEC satisfies the "in connection" requirement by alleging that Zwan fraudulently manipulated the value of Digital stock by misstating Digital's earnings in both SEC filings and press releases and then pledged the same stock to NationsBank as security for a line of credit. The SEC further alleges that NationsBank was defrauded by Zwan's actions and ultimately obtained stock worth approximately ⅙ of its misrepresented value.

Defendant Zwan maintains that the SEC's allegations regarding a fraudulent

pledge of stock by Zwan do not satisfy the "purchase or sale of a security" requirement of the securities statutes. However, in *Rubin v. United States,* 449 U.S. 424, 101 S.Ct. 698, 66 L.Ed.2d 633 (1981), the Supreme Court held that a pledge of stock for a loan constitutes an "offer" or "sale" of a security within the meaning of Section 17(a) of the 1933 Act. The Court found that "[a]lthough pledges transfer less than absolute title, the interest thus transferred nonetheless is an 'interest in a security.' " 449 U.S. at 429, 101 S.Ct. 698. The Court explained that "[i]t is not essential under the terms of the [Securities] Act that full title pass to a transferee for the transaction to be an 'offer' or a sale.' " *See id.* at 430, 101 S.Ct. 698.[1] Here, the SEC alleges that Zwan pledged Digital stock to NationsBank that, on the strength of fraudulent financial information allegedly released into the market by Zwan, was valued at over $50 million. The SEC then alleges that NationsBank parted with value and accepted Zwan's pledge of overvalued stock. Based on the foregoing, it is clear that the SEC sufficiently pleads the requisite element of a "purchase or sale of a security" in its Complaint.

Finally, Defendant Zwan argues that the SEC fails to allege that he used any insider information in connection with the increase in his loan from NationsBank. In arguing this point, Zwan reiterates his previous argument that the alleged fraud was not sufficiently connected with the stock pledge to be hold him liable under federal securities laws. A review of the Complaint reveals that Plaintiff raises no claim of insider trading in this case. Moreover, as previously discussed, the SEC sufficiently pleads its claims that Zwan committed securities fraud. The SEC alleges that Zwan pledged Digital Stock to Nations-Bank when he knew non-public material information concerning the fact that Digital's reported earnings were fraudulently and dramatically overstated.

*Plaintiff's Claim for Injunctive Relief*

■ Zwan asserts that the SEC is not entitled to injunctive relief because it fails to

sufficiently allege that Zwan is likely to violate the antifraud provisions of the federal securities laws in the future.

When determining whether to issue a permanent injunction a court is permitted to infer the potential for future illegal conduct based on the defendant's past conduct. *SEC v. J.W. Korth & Co.,* 991 F.Supp. 1468, 1473 (M.D.Fla.1998) (citing *SEC v. Zale Corp.,* 650 F.2d 718, 720 (5th Cir. Unit A July 1981)). However, the mere fact that a defendant has engaged in illegal conduct does not automatically justify granting permanent injunctive relief. *See id.* The defendant's past conduct must be measured "in light of present circumstances, [and] betoken a 'reasonable likelihood' of future transgressions." *Id.* A court must consider, in conjunction with the present circumstances, "the nature of the past violation, the defendant's present attitude, and objective constraints on (or opportunity for) future violations of the securities laws." Id. (quoting *Zale Corp.,* 650 F.2d at 720).

The SEC clearly alleges that Zwan previously violated securities laws. Further, the SEC alleges that Zwan has a continuing relationship with Digital. Zwan allegedly remains a Director of Digital and is still Digital's largest shareholder. (*See* Dkt. 1, ¶ 7.) Consequently, at this time it does not appear, beyond all doubt, that Plaintiff can prove no set of facts in support of his claims that would entitle him to injunctive relief

Accordingly, it is ordered:

1. That Defendant Zwan's Motion to Dismiss (Dkt. 12) is **denied.**

2. That Defendant Zwan's Motion for More Definite Statement (Dkt. 12) is **denied.**

---

1. In *Marine Bank v. Weaver,* 455 U.S. 551, 554 n. 2, 102 S.Ct. 1220, 71 L.Ed.2d 409 (1982), the Supreme Court established that the *Rubin* holdings apply equally to claims brought under Section 10(b) of the Securities and Exchange Act of 1934.